**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TIMOTHY MICHAEL OGLES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL No: 5:15-CV-0054-MTT-CHW** |
| **VS.** | : | |
| | : | |
| **TOMMY TRIMBLE, et al,** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER & RECOMMENDATION

Plaintiff Timothy Michael Ogles, an inmate currently confined at Hancock State Prison in Sparta, Georgia, has filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff also seeks to proceed in this case without pre-payment of the Court's filing fee and has moved for the appointment of counsel. For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**. After conducting a thorough review of Plaintiff's Amended Complaint (Doc. 1 & 6),[1] as required by 28 U.S.C. § 1915A(a), the undersigned also finds Plaintiff's allegations sufficient to allow Eighth Amendment claims against Defendants **Tommy Trimble, Lieutenant Womble, Counselor Mahoney**, and **Counselor Williams** to go forward for further factual development. It is **RECOMMENDED**, however, that any due process claims, as discussed herein, be **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim

---

1 Plaintiff was ordered to recast his statement of claims because his Complaint (Doc. 1) failed to provide sufficient factual allegations. Plaintiff complied by filing his Recast Statement of Claims (Doc. 6) and thereby amended his Complaint.

I.    **Motion to Proceed** *in forma pauperis*

Plaintiff has filed a Motion to Proceed *in forma pauperis*.   Plaintiff's submissions show that Plaintiff is currently unable to pre-pay the Court's $350.00 filing fee.   His Motion (Doc. 2) is thus **GRANTED**.   *See* 28 U.S.C. § 1915(b).   This does not mean that the filing fee is waived. Plaintiff is still obligated to pay the full balance of the filing fee using the payment plan described in § 1915(b) and ordered herein, *see infra* p.8-9.   For this reason, the Clerk of Court is **DIRECTED** to send a copy of this Order to the warden or business manager of the facility in which Plaintiff is currently confined.

II.    **Preliminary Screening of Plaintiff's Complaint**

A.  **Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint.   *See* 28 U.S.C. § 1915A(a).   In so doing, the district court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court.   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted.   *See* 28 U.S.C. § 1915A(b)(1).   To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007).   The plaintiff must also allege sufficient facts to "raise the

right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim.  *See id.*  "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B.  Plaintiff's Claims

The present action arises out of prison officials' alleged refusal to house Plaintiff in "protective custody" at Hancock State Prison.   In his Amended Complaint, Plaintiff alleges that he informed an officer, on August 17, 2014, that he did not want to return to his dorm "because of a problem with gangs" - specifically the "Bloods" gang.   He was thus taken to a lockdown unit, but he was not assigned "protective custody."   Shortly thereafter Plaintiff received threatening notes or "kites" from other inmates stating that Plaintiff was "dead" if he returned to his dorm. Plaintiff then submitted a "detailed" request for protective custody to Counselor Mahoney.

A "couple of weeks later," Lieutenant Womble advised Plaintiff that he was being moved back to his original dorm.   Plaintiff refused and was apparently permitted to remain in lockdown. During that time, Plaintiff made additional requests to be placed in protective custody. Lieutenant Womble nonetheless returned on October 31, 2014, and ordered Plaintiff to pack his belongings.   Plaintiff again objected and advised Womble of the situation.   Lieutenant Womble was allegedly unfazed and responded that Plaintiff could either return to the dorm from which he originally came or go to the "Tier II disciplinary unit."   Plaintiff still refused and was accordingly moved to Tier II.   After his transfer, Plaintiff personally spoke with Unit Manager Trimble and again explained his "situation."   Trimble responded "Okay" and walked away.

Plaintiff is apparently still confined in the Tier II administrative segregation unit and recently witnessed five members of the "Bloods gang" break out of their cells and stab another

inmate in the presence of at least six officers.   Plaintiff thus still wishes to be placed in "protective custody" rather than in the Tier II unit.   Because Plaintiff was advised that his complaints were "not grievable," he filed the present civil rights action against Tommy Trimble, Lieutenant Womble, Counselor Mahoney, and Counselor Williams for violations of his Eighth and Fourteenth Amendment rights.

    A.   <u>Eighth Amendment Claims</u>

    Plaintiff has brought Eighth Amendment claims against all of the defendants for their alleged deliberate indifference to his safety, i.e., their failure to grant his requests for protective custody and decision to transfer him to a unit that houses gang members.   Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to allow his Eighth Amendment claims against Defendants to go forward.   It is thus **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses and the possible imposition of expenses for failure to waive service.

    B.   <u>Fourteenth Amendment Claims</u>

    Plaintiff also attempts to state due process claims against Unit Manager Trimble and Officer Womble for placing him Tier II after he refused to return to his dorm.   Plaintiff alleges that he was placed in Tier II "without receiving a . . . disciplinary report or any kind of security threat."   Though Plaintiff does not expressly state that he was deprived of due process, the Court liberally construes this allegation as an attempted due process claim.

    To state a due process claim, a prisoner must allege more than that he has been confined in segregation without due process.   *See Sandin v. Conner*, 515 U.S. 472, 476 (1995).   The Due

Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally-protected interest "in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir.1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).   Due process protections apply only if the change in the conditions (1) unexpectedly alters the prisoner's term of imprisonment or (2) imposes atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life. *Hewitt*, 459 U.S. at 484.

Here, Plaintiff has not alleged sufficient facts to show that either circumstance described above applies.   Plaintiff in fact does not provide any information about the actual conditions of his five months[2] of confinement in the Tier II unit or how his confinement differs from that in the general population. *See Al-Amin v. Donald*, 165 F. App'x 733, 738 (11th Cir. 2006) (no liberty interest created by confinement in segregation for three years because conditions of segregation were basically equivalent to those of the general population).   Even if the Court were presume, for the purpose of preliminary review, that the conditions of confinement in the Tier II unit are different from those experienced by the prison's general population, Plaintiff also alleges nothing about the process he did or did not receive before being placed in the Tier II unit.   Absent such facts, the Court cannot find a denial of due process.

It is therefore **RECOMMENDED** that any attempted due process claims be **DISMISSED without prejudice** for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the Honorable Marc Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.

---

2 Plaintiff alleges that he was placed in Tier II on October 31, 2014, and his Recast Statement of Claims was docketed in this Court on April 13, 2015.

The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings,

6

and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following

limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 28th day of April, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge