IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TIMOTHY MICHAEL OGLES,        )
                              )
       Plaintiff,             )
                              )
v.                            )   CIVIL ACTION NO. 5:15-CV-54 (MTT)
                              )
TOMMY TRIMBLE, *et al.*,      )
                              )
       Defendants.            )
                              )

## ORDER

After screening the Plaintiff's recast complaint (Doc. 6) pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle ordered the Eighth Amendment claims against Defendants Tommy Trimble, Lieutenant Womble, Counselor Mahoney, and Counselor Williams to go forward but recommends dismissing any due process claims for failure to state a claim. (Doc. 7). The Plaintiff has objected to the Recommendation. (Doc. 10). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects.

The Magistrate Judge recommends dismissing the Plaintiff's due process claims in part because the Plaintiff "does not provide any information about the actual conditions of his five months of confinement in the Tier II unit or how his confinement differs from that in the general population." (Doc. 7 at 5). In his objection, the Plaintiff, for the first time, provides more specific facts related to his due process claims. The Court construes this portion of the objection as a motion to amend the complaint. *See*

*Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (holding district court should have considered new allegations in objection as motion to amend the complaint). The Plaintiff alleges his constitutional rights were violated because "all [of his] property ha[s] been [taken] away." (Doc. 10). However, so long as the State makes available a meaningful post-deprivation remedy, the Due Process Clause is not violated when a government official deprives an inmate of his property. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). The State of Georgia provides the Plaintiff an adequate post-deprivation remedy for the loss of his property. *See* O.C.G.A. §§ 51–10–1; *see also Lindsey v. Storey,* 936 F.2d 554, 561 (11th Cir.1991) (finding no due process violation because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51–10–1); *Byrd v. Stewart,* 811 F.2d 554, 555 n.1 (11th Cir.1987). Thus, the alleged deprivation of personal property did not violate the Plaintiff's rights under the Due Process Clause.

He next alleges various unconstitutional conditions of confinement concerning inadequate recreation, food, sanitation, and hygiene. In the order to recast his complaint, the Magistrate Judge warned the Plaintiff that his failure "to link a named defendant to a claim" will result in the dismissal of that claim. (Doc. 5 at 4). However, he has failed to connect any of the alleged inadequacies with any specific Defendant or prison official. Therefore, because Georgia provides an adequate post-deprivation remedy and because the Plaintiff has failed to link the conditions-of-confinement allegations to any Defendant, his motion to amend is **DENIED as futile**. (Doc. 10).

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The

Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Plaintiff's due process claims are **DISMISSED without prejudice**.

    **SO ORDERED**, this 21st day of September, 2015.

                                          <u>S/ Marc T. Treadwell</u>
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT