IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TIMOTHY MICHAEL OGLES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 5:15-cv-00054 (MTT) |
| | : | |
| TOMMY TRIMBLE, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

Plaintiff Timothy Michael Ogles, an inmate currently confined at Hancock State Prison in Sparta, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. Doc. 1. The present action arises out of prison officials' alleged refusal to house Plaintiff in "protective custody" at Hancock State Prison. Because Plaintiff has not set forth "sufficient factual matter" to state a failure to protect claim against the Defendants that is "plausible on its face," it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 12) be **GRANTED**, and Plaintiff's case be **DISMISSED**.

I.   BACKGROUND

In his Amended Complaint, Plaintiff alleges that he informed an officer, on August 17, 2014, that he did not want to return to his dorm "because of a problem with gangs" - specifically the "Bloods" gang.  He was thus taken to a lockdown unit, but he was not assigned "protective custody."  Shortly thereafter Plaintiff received threatening notes or "kites" from other inmates stating that Plaintiff was "dead" if he returned to his dorm.  Plaintiff then submitted a "detailed" request for protective custody to Counselor Mahoney.

A "couple of weeks later," Lieutenant Womble advised Plaintiff that he was being moved back to his original dorm. Plaintiff refused and was apparently permitted to remain in lockdown. During that time, Plaintiff made additional requests to be placed in protective custody. Lieutenant Womble nonetheless returned on October 31, 2014, and ordered Plaintiff to pack his belongings. Plaintiff again objected and advised Womble of the situation. Lieutenant Womble was allegedly unfazed and responded that Plaintiff could either return to the dorm from which he originally came or go to the "Tier II disciplinary unit." Plaintiff still refused and was accordingly moved to Tier II. After his transfer, Plaintiff personally spoke with Unit Manager Trimble and again explained his "situation." Trimble responded "Okay" and walked away.

Plaintiff is apparently still confined in the Tier II administrative segregation unit and recently witnessed five members of the "Bloods gang" break out of their cells and stab another inmate in the presence of at least six officers. Plaintiff thus still wishes to be placed in "protective custody" rather than in the Tier II unit. Because Plaintiff was advised that his complaints were "not grievable," he filed the present civil rights action against Tommy Trimble, Lieutenant Womble, Counselor Mahoney, and Counselor Williams for violations of his Eighth and Fourteenth Amendment rights. Plaintiff requests injunctive relief, as well as nominal damages in the amount of $100.00/per day Plaintiff spent in Tier II segregation.

On initial review pursuant to 28 U.S.C. 1915A, the Court ordered Plaintiff's Eighth Amendment claims against Defendants Tommy Trimble, Lieutenant Womble, Counselor Mahoney, and Counselor Williams to go forward for further factual development, and dismissed Plaintiff's due process claims. Docs. 7; 13.

On July 6, 2015, Defendants filed a Motion to Dismiss for Failure to State a Claim, arguing that Plaintiff has not pled sufficient facts to give rise to a "plausible" suggestion of unlawful

2

conduct. Doc. 12. Plaintiff responded (Doc. 16), and Defendants' replied (Doc. 17). The Motion is now ripe for review.

## II.     PLAINTIFF'S COMPLAINT

A. <u>Applicable Legal Standards for a Motion to Dismiss</u>

A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. *Lopez v. Target Corp.*, 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679, citing *Twombly*, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

In addition to the Complaint, this Recommendation considers allegations raised in exhibits attached to Plaintiff's responses and separate filings. This liberal construction of Plaintiff's allegations is based on the well-established principle of leniency, which allows *pro se* litigants

greater flexibility with the standards for pleadings. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted). This Court has previously recognized that this policy "provides *pro se* laypersons with certain benefits while navigating the often-difficult legal labyrinth, [and] also provides Federal courts the ability to relax certain procedural rules when dealing with *pro se* parties, all in the interests of justice." *Jones v. Nicholson*, No. 1:07–cv–16 (WLS), 2011 WL 2160918, at *3 (M.D.Ga. Jun. 1, 2011), *see also Waters v. Philbin*, No. 7:10-CV-105 HL, 2011 WL 4043788, at *1 (M.D. Ga. Sept. 12, 2011) (considering evidence presented in Plaintiff's Response to Defendants' Motion to Dismiss).

B. <u>Eighth Amendment Standard</u>

To establish a violation of Eighth Amendment rights in a failure to protect case, a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga.,* 400 F.3d 1313, 1319 (11th Cir. 2005) (quotation omitted). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1319–20 (quotations omitted). Simple negligence is not actionable under Section 1983, and a plaintiff must allege "a conscious or callous indifference to a prisoner's rights." *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir. 1982). Prison officials may avoid Eighth Amendment liability by showing: (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;" (2) that "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts

gave rise was insubstantial or nonexistent;" or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan,* 511 U.S. 825, 844 (1994).

C. <u>Plaintiff's Failure to Protect Claim</u>

Under the Eighth Amendment, a prison official may not inflict cruel and unusual punishment, which includes a prison official's duty to protect an inmate from violence at the hands of other inmates. *Purcell v. Toombs County*, 400 F.3d 1313, 1319 (11th Cir. 2005). Although "prison officials have a duty [...] to protect prisoners from violence at the hands of other prisoners," not every instance of violence "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 833-834 (1994) (quotations and citations omitted). It is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id*. at 828. To state a cognizable failure to protect claim under the Eighth Amendment, the prisoner must establish: (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). "Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).

When examining the first element—a substantial risk of serious harm—courts use an objective standard. See *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1028–29 (11th Cir. 2001) (en banc), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must state allegations that the defendant "actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm." *Rodriguez*, 508 F.3d at 617 (citing *Farmer*, 511 U.S. at 829, 837, 844) (footnote

5

omitted). To satisfy the objective component, a plaintiff must show that the defendant "disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner." *Id.*

*1. First Element: Objective Review of Plaintiff's Substantial Risk of Serious Harm*

At the outset of this case, it is not evident that Plaintiff's complaint has alleged facts that, if true, are sufficient to establish a substantial risk on inmate-on-inmate violence. The Eleventh Circuit has laid out a "host" of prison conditions that could satisfy the first element, including:

> 1) there was no segregation of nonviolent inmates from violent inmates, pretrial detainees from convicted criminals, juveniles from adults, or inmates with mental disorders from those without mental disorders, 2) at times the Jail housed more prisoners than the cells could accommodate, 3) the Jail was routinely understaffed, 4) no head counts of prisoners were made to make sure they were all accounted for, 5) locks on cell doors were not functional, allowing inmates to roam freely at all hours of the day, 6) homemade weapons were readily available by fashioning weapons from material torn from the dilapidated structure of the Jail, 7) no lock down of prisoners in their cells occurred at any point during the day or night, 8) cells were not visually inspected, 9) no jailer was assigned to maintain prisoners' security on the second floor where most of the inmates were housed, 10) the Jail was not operated in accordance with written policies, 11) inmates were not screened for mental health, medical conditions or conflicts with other prisoners before entering the Jail, and 12) prisoners were not disciplined or segregated when they attempted to escape, threatened jailers, destroyed property or assaulted other inmates.

*Marsh*, 268 F.3d at 1029.

In contrast, Plaintiff's allegations are not sufficient to demonstrate objectively a substantial risk of serious harm to inmates. Plaintiff describes his conditions in Tier II as "close security," where he shares a cell with one other inmate twenty-four hours a day. Doc. 10, p. 1. Plaintiff further states that he is not allowed any property, recreation is kept to a minimum of approximately one (1) hour per week, and he is allowed to shower three times a week. *Id.* Plaintiff also describes an incident that occurred on March 23, 2015, a day on which Plaintiff was allowed to take a shower, when five members of the Bloods gang "came out of their cells and assaulted an inmate."

Doc. 6, p. 2. However, Plaintiff also states that there are "lock bolts and latches" on the cell doors to "prevent us from getting out of our cells." *Id.* Plaintiff alleges that "there were at least (3) CERT team officers, … and three (3) … correctional officers" present during this altercation. Doc. 6, pp. 2-3.

These allegations show that: prisoners are segregated into Tiers, apparently based on security concerns of each inmate; the prison is well-staffed; cell doors have locks and latches; and weapons are not readily available as Tier II inmates not allowed "any property." The allegations do not support Plaintiff's argument that the conditions—viewed in their totality—rose to the level of a "substantial" or "sufficiently serious" risk as opposed to some lesser risk of harm. See *Farmer*, 511 U.S. at 843. Further, the Eleventh Circuit has noted that "in a [prison] setting, a risk of harm to some degree always exists by the nature of its being a [prison]." *Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga*, 400 F.3d 1313, 1323 (11th Cir. 2005) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991) ("The Constitution, we said, does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (internal citations and quotations omitted)). Therefore, Plaintiff's complaint has failed to set forth "sufficient factual matter" to support the conclusion that Tier II conditions poses a substantial risk of serious harm to Plaintiff or other inmates and, thus, could bear out an Eighth Amendment violation.

### 2. Second Element: Defendant's Deliberate Indifference to Plaintiff's Risk

Even if Plaintiff's allegations were found to establish that the conditions at Hancock State Prison rose to the level of a "substantial" or "sufficiently serious" risk, Plaintiff's allegations do not establish the objective component of Defendants' deliberate indifference—specifically that Defendants disregarded a known risk by failing to respond to it in an objectively reasonable

7

manner.

Plaintiff alleges that he received threatening notes or "kites," telling him he was "dead" if he came back on the "compound." Doc. 6, p. 1. Plaintiff further elaborates that on the advice of a fellow inmate, Plaintiff wrote the head counselor, Ms. Mahoney, a "detailed letter," explaining the problems he was having with the gang and requested protective custody. Doc. 6, p. 1. Plaintiff further states that he wrote Ms. Williams a similar letter. Doc. 6, p. 2. Plaintiff alleges that he "told Lieutenant Womble that [he had] been threatened by members of Blood in that dorm," and that he feared for his life. Doc. 6, p. 2. Plaintiff told Defendant Trimble the same thing. Doc. 6, p. 2.

Construed liberally, Plaintiff's allegations show that Defendants Tommy Trimble, Lieutenant Womble, Counselor Mahoney, and Counselor Williams, were aware that Plaintiff faced a substantial risk of harm. This determination is consistent with a recent Eleventh Circuit decision, holding that a prisoner had sufficiently presented a jury question as to defendants' subjective knowledge of a risk of harm based on evidence that the prisoner verbally informed an assistant warden "on at least two occasions that his life had been threatened by members of his former gang and that, to avoid injury, he needed either to be transferred to another prison or to be placed in protective custody;" and informed the warden, by means of a written form, "that he feared for his safety in the compound and requested a transfer." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 618 (11th Cir. 2007).[1]

Defendants cite *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003), suggesting that Plaintiff's "vague allegations" of death threats do not demonstrate a strong likelihood of an imminent physical assault on Plaintiff. The Eleventh Circuit has dismissed a similar argument, when it held that "a prison official [may not] escape liability for deliberate indifference by showing

---

[1] Because *Rodriguez* was resolved at the summary judgment stage, it is instructive, but not controlling, on the issue of whether Plaintiff has set forth sufficient factual allegations, when accepted as true, to state a plausible claim for relief at the pleadings stage.

8

that ... he did not know that the complainant was especially likely to be assaulted *by the specific prisoner who eventually committed the assault.*" *Rodriguez*, 508 F.3d at 619 (quoting *Farmer*, 511 U.S. at 843) (emphasis in original). Therefore, Plaintiff has successfully pled that Defendants were subjectively aware of Plaintiff's risk from members of the blood gang.

Plaintiff fails, however, to allege that Defendants disregarded a known risk by failing to respond to it in an objectively reasonable manner. Plaintiff alleges that after he informed Defendant Trimble of his fears of imminent attack, he was taken to a lockdown unit, but he was not assigned "protective custody." Shortly thereafter Plaintiff received threatening notes or "kites" from other inmates stating that Plaintiff was "dead" if he returned to his dorm. A "couple of weeks later," Lieutenant Womble advised Plaintiff that he was being moved back to his original dorm. Plaintiff refused and was apparently permitted to remain in lockdown. During that time, Plaintiff made additional requests to be placed in protective custody. Lieutenant Womble nonetheless returned on October 31, 2014, and ordered Plaintiff to pack his belongings. Plaintiff again objected and advised Womble of the situation. Lieutenant Womble was allegedly unpersuaded and responded that Plaintiff could either return to the dorm from which he originally came or go to the "Tier II disciplinary unit." Plaintiff still refused and was accordingly moved to Tier II, where he remains.

These allegations show that after Plaintiff's concerns were communicated to the Defendants, he was not placed in his original dorm, but kept segregated from his alleged risk of harm—members of the Bloods gang. Defendants' behavior, as pled by Plaintiff, thus fails to rise to an unreasonable behavior, but instead shows that Defendants acted in an objectively reasonable manner by keeping Plaintiff away from his original dorm.

9

### *3. Third Element: Causation*

Plaintiff has also failed to set forth "sufficient factual matter" to support the third element of deliberate indifference. "[S]ection 1983 requires [ … ] an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LeMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir.1993) (quoting *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.1982)). In other words, the plaintiff must allege that the defendant's acts or omissions were the proximate cause, "not merely a contributing factor," of any injuries. *LaMarca*, supra, at 1538–39. Moreover, while the Eleventh Circuit has held that there is an Eighth Amendment right "to be protected from the constant threat of violence and physical assault by other inmates," *Zatler v.Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986), a prisoner has no constitutional right to be placed into protective custody simply because he requests such confinement. *Jolly v. Van Peavy*, 5:12-CV-241, 2012 WL 4829269, at \*3 (M.D. Ga. Aug. 30, 2012) adopted by, 5:12-CV-241 MTT, 2012 WL 4829515 (M.D. Ga. Oct. 10, 2012). Plaintiff has not alleged any physical injury resulting from Defendants alleged wrongful placement in Tier II, and Plaintiff does not have a right to be placed in protective custody simple because he requests it. Plaintiff alleges "emotional and mental stress," but does not allege a physical injury. As such, the factual allegations in the complaint, recast complaint, objection, and response to Defendants' Motion to Dismiss, accepted as true and construed in the light most favorable to Plaintiff, fail to set forth "sufficient factual matter" to state a failure to protect claim against the Defendants that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff's Eighth Amendment failure-to-protect claim must be dismissed.

III.   CONCLUSION

Because Plaintiff has not set forth "sufficient factual matter" to state a failure to protect claim against the Defendants that is "plausible on its face," it is **RECOMMENDED** that Defendants' Motion to Dismiss (Doc. 12) be **GRANTED**, and Plaintiff's case be **DISMISSED**. Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 5th day of January, 2016.

                                       s/ Charles H. Weigle
                                       Charles H. Weigle
                                       United States Magistrate Judge